21005. WRYE *v.* LUCREE.

DECIDED MARCH 31, 1931.

*Julian Hartridge,* for plaintiff in error.
*Oliver & Oliver,* contra.

LUKE, J. Frank Lucree sued W. W. Wrye for $880.92 alleged to be due and unpaid on account of certain payments made, in excess of the contract price, for labor and materials used and employed in the erection of a dwelling house. A general demurrer to the petition was interposed, and the plaintiff was given ten days to amend his petition. Within the time allowed, an amendment was allowed over objection; and the general demurrer to the petition as amended was overruled. Exception was taken to the order overruling the objection to the allowance of the amendment, and to the order overruling the general demurrer to the petition as amended.

The allowance of the amendment to the petition was objected to on the ground that it did not comply with the order of the court in that behalf. In the order pointing out the defects in the original petition the court stated: "It should show why payments were made to materialmen, contractors, and individuals, and when. It does not appear whether they were voluntary payments or whether authority of contractor to pay was given." The amendment filed in obedience to this order states: "All of the expenditures for material mentioned in paragraph 7 of the petition were made by plaintiff upon the approval of the contractor, W. W. Wrye, expressly in

writing, and were made upon the following dates:" (here follows a list of names and dates). This amendment and the original petition together specify all the dates upon which payments were made, as required by the court's order. This, we think, was sufficient. Again, the amendment alleges that the payments for material "were made by plaintiff upon the approval of the contractor, W. W. Wrye, expressly in writing." This seems fully to comply with the order to show why payments were made. The contention of the appellant, that the amendment "merely alleges that the plaintiff in error approved the bills of the contractor as correct," is not tenable. The amendment goes further than that; it alleges that the payment of these bills was approved by the contractor. The court committed no error in overruling the objection to the allowance of the amendment and in overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*